Stephen M. Uthoff, State Bar No. 145206
E-mail: suthoff@uthofflaw.com
The Uthoff Law Corporation
111 W. Ocean Blvd., Suite 1960
Long Beach, California 90802
Tele: 562-437-4301
Fax: 562-437-4341

Attorneys Plaintiff
WESO USA, INC. aka WESO LASER, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESO USA, INC. aka WESO LASER, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>T & B MASTER LOGISTICS, INC., HMM CO. LTD, YUSEN TERMINALS, LLC. and DOES 1-10 INCLUSIVE<br><br>    Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Weso USA, Inc. aka Weso Laser, Inc. (hereinafter "Plaintiff" or "Weso"), alleges as follows:

1.  JURISDICTION: Weso's complaint concerns the maritime transportation of cargo and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 with claims pendent or ancillary to the same. In the alternative, Plaintiff has plead a cause of action under the Harter Act, 46 USC § 30704 thus the court has alternative jurisdiction under 28 U.S.C. §1331. These are admiralty and maritime claims within the meaning of Rule 9(h), Federal Rules of Civil Procedure. In the event that the court finds jurisdiction lacking under 28 U.S.C. §§ 1331 or 1333, and as an alternative means only the parties are in complete

COMPLAINT

1

diversity and the amount in controversy is in excess of $75,000.00 and thus the court would have jurisdiction under 28 U.S.C. §1332.

2. Weso is now and at all material times herein a corporation duly organized under the laws of the State of Illinois and was the owner and shipper of the certain cargo identified as a used CNC 3 Axis Laser Cutting Machine.

3. Plaintiff is informed and believes that T&B Master Logistics, Inc. ("T&B") was at all times herein relevant incorporation organized under the laws of the State of California and doing business in this judicial district. T&B is a licensed non-vessel operating common carrier ("NVOCC"). On information and belief, T&B regularly engages in the business of transportation intermediary services for cargo transported in the foreign commerce of the United States, including regular shipments to, from and through this judicial district.

4. Plaintiff is informed and believes that defendant HMM Co. Ltd. ("HMM") is a vessel operating common carrier registered with the Federal Maritime Commission. On information and belief, HMM is organized under the laws of the Republic of Korea and regularly engages in the business of transporting ocean cargo in the foreign commerce of the United States, including regular shipments to, from and through this judicial district. HMM conducts administrative operations in the United State via its general agent HMM (AMERICA), Inc. a California Corporation which does business in this judicial district.

5. On information and belief, Defendant Yusen Terminals, LLC ("YTL") is a marine terminal operator and stevedore organized under the laws of the state of California with its principal place of business in this jurisdiction.

6. Weso is informed and believes and thereon alleges that each of said third party defendants herein fictitiously named is responsible in some manner for the happenings and events hereinafter alleged. The true names and capacities whether individual, corporate, associate or otherwise of third party defendants fictitiously named herein are unknown to Annex at this time who therefore sues said third party defendants by such fictitious name; this third party plaintiff will seek leave of court to amend this third party complaint when their

true names and capacities have been ascertained.  T&B, HMM, YTL and Does 1-10 inclusive shall be collectively referred to as "Defendants".

7. In or around February 2022, Weso for good and valuable consideration arranged with T&B to transport the components of a CNC 3 Axis Laser Cutting Machine, which consisted of several components, from Los Angeles, California to Korea.  T&B took possession of the cargo in good order and condition in Los Angeles, California and assigned it to its designated warehouse for loading in and onto two separate containers including a 40-foot flat rack container, No. HDMU7501710.  The flat rack container contained two pieces of the laser, including the main unit of laser cutting assembly (the "Main Laser"; collectively the "Shipment")

8. To facilitate the physical transportation of the Shipment from Los Angeles to Korea, on information and belief, T&B in turn booked the physical transportation of the Shipment with HMM. Further on information and belief, YTL provides terminal and stevedoring services to HMM including loading and discharging cargo from its ships.

9. After loading the Shipment onto the flat rack container, T&B caused it to be delivered to YTL's terminal in Los Angeles, California for further handling and loading onto a HMM designated vessel.

10. The Shipment was received in good order and condition by Defendants.

11. On or about March 3, 2022, while in the process of being loaded onto a HMM vessel, the flat rack container became disengaged from the gantry crane causing the flat rack container and its contents to fall, tip and dislodge the Main Laser from its lashings. The Main Laser came to rest on its side on the ground.

12. The Main Laser was declared a total loss. Since the Main Laser is a necessary component of the overall Shipment, the Shipment is also a total loss subject to salvage value for parts in an amount to be determined according to proof.

13. T&B and HMM did not issue any bills of lading for the Shipment.

COMPLAINT

14. Weso alleges it has been damaged in the following amounts (the "Damage Amount[1]")

    a. Value of the Shipment      $295,000.00
    b. Packing costs      $4,839.00
    c. Drayage of damaged machine      $1,965.00
    d. Storage ($80.00 per week from 4/1/22)      $2,080.00
    subtotal      $303,884.00

## FIRST COUNT
### (Breach of Maritime Contract against T&B and Does 1-5)

15. Plaintiff refers to and incorporates herein Paragraphs 1 through 14 as though fully set forth at length herein.

16. T&B, pursuant to its contract with Weso, agreed for good and valuable consideration to transport the Shipment from Los Angeles to Korea. While in the care, custody and control of T&B, the Shipment was damaged and not delivered.

17. As a result of the damage to the Main Laser, the entire Shipment is a total loss.

18. By reason of T&B's failure to deliver the Shipment received in the same good order condition in which it had been placed, T&B has caused a loss to Weso in the minimum Damage Amount, fees, interest and costs, no part of which has been paid by the T&B despite demand thereto.

## SECOND COUNT
### (Breach of Bailment against All Defendants)

19. Plaintiff refers to and incorporates herein by this reference Paragraphs 1 through 14 as though fully set forth at length hereat.

---

[1] "Damage Amounts", in addition to the specific amounts listed, shall also include additional amounts for added storage, disposal or charges related to the disposition of the Shipment which have not yet been ascertained.

20. In receiving or arranging for the transportation of the Shipment each Defendant acted as bailees for hire as a matter of law. In breach of said bailment agreement, each Defendant failed to safely deliver the Shipment it received in the same good order and condition. To the contrary, the Shipment was damaged and is a total loss.

21. By reason of each Defendants' failure to deliver the Shipment they received in the same good order and condition, each Defendant has caused a loss to Plaintiff in the in the minimum Damage Amount, fees, interest and costs, no part of which has been paid by the Defendants despite demand thereto.

### THIRD COUNT

**(Harter Act , 46 U.S.C. § 30702 et. seq. against T&B, HMM and Does 6-10)**

22. Plaintiff refers to and incorporates herein by reference Paragraphs 1 through 14 as though fully set forth at length hereat.

23. T&B, HMM and Does 6 through 10 were responsible for transporting the Shipment from Los Angeles to Korea and deliver said Shipment in same good order and condition and quantity as when it was received from Weso.

24. Thereafter, in breach and violation of said agreement(s) and their duties as a common carrier, each defendant did not deliver the Shipment that it received in the same good order and condition and quantity. To the contrary, each defendant delivered the Shipment in damaged condition. As a result, each defendant is liable for the total loss or damage to the Shipment.

25. By reason of each defendants' failure to deliver the Shipment they received in the same good order and condition, each defendant has caused a loss to Plaintiff in the in the minimum Damage Amount, fees, interest and costs, no part of which has been paid by the defendants despite demand thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, Weso prays for judgment against Defendants as follows:

1. For judgment against all Defendants
    a. In the amount of $303,884.00
    b. For any further costs of storage, disposal or charges related to the disposition of the Shipments
    c. For pre and post judgment interest
    d. For attorney's fees and costs
    e. For such other and further relief as this Court deems proper.

October 13, 2022            By:    ____s/*Stephen M. Uthoff*_____
                                             Stephen M. Uthoff
                                             The Uthoff Law Corporation
                                             Plaintiff Weso USA, Inc. aka Weso Laser, Inc.