1 | MICHAEL L. SWAIN (133260)
ROSS I. LANDAU (259260)
2 | SWAIN & DIPOLITO LLP
555 East Ocean Boulevard, Suite 600
3 | Long Beach, California  90802
Telephone:  (562) 983-7833
4 | Facsimile:  (562) 983-7835
E-mail: mswain@swaindipolito.com
5 |        rlandau@swaindipolito.com

6 | Attorneys for Defendant, Cross-Defendant
and Cross-Claimant, HMM CO. LTD.

7 |

8 |               UNITED STATES DISTRICT COURT

9 |             CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | WESO USA, INC. aka WESO LASER,    )    Case No. 2:22-cv-07452-
INC.                              )    SB-SK
12 |                                   )
                 Plaintiff,        )    Honorable Stanley
13 |                                   )    Blumenfeld, Jr.
       vs.                         )
14 |                                   )    HMM CO. LTD.'S ANSWER TO
T & B MASTER LOGISTICS, INC., HMM )    T & B MASTER LOGISTICS,
15 | CO. LTD., YUSEN TERMINALS, LLC,   )    INC.'S CROSS-CLAIM
and DOES 1-10 INCLUSIVE,           )
16 |                                   )
                 Defendants.       )    Complaint Filed:
17 | _____)    October 13, 2022
T & B MASTER LOGISTICS, INC.,      )
18 |                                   )
                 Cross-Claimant,   )
19 |                                   )
       vs.                         )
20 |                                   )
HMM CO. LTD., YUSEN TERMINALS, LLC )
21 | and ROES 1 to 10, INCLUSIVE,      )
                                   )
22 |                 Cross-Defendants.   )
_____)
23 | AND RELATED ACTIONS.              )
_____)
24 |

25 |

26 |

27 | ///

28 | ///

1     Cross-Defendant HMM Co. Ltd. ("HMM"), on behalf of itself

2 only and no other party, and for its Answer to T & B Master

3 Logistics, Inc.'s Cross-Claim in the captioned matter, admits,

4 denies, and alleges as follows:

5

6     1.    For its answer to the allegations of paragraph 35 of

7 the Cross-Claim, HMM lacks sufficient knowledge or information to

8 form a belief as to the truth of those allegations, and upon such

9 ground denies same.

10

11     2.    Answering the allegations of paragraph 36 of the Cross-

12 Claim, HMM lacks sufficient knowledge or information to form a

13 belief as to the truth of those allegations, and upon such ground

14 denies same.

15

16     3.    Except to admit T & B Master Logistics, Inc., booked

17 the subject cargo with HMM for transport and that Yusen

18 Terminals, LLC, while performing stevedoring services loading the

19 cargo aboard HMM's vessel, the M/V HMM PROMISE, allegedly damaged

20 the cargo; HMM is without sufficient knowledge or information to

21 form a belief as to the truth of the allegations of paragraph 37

22 of the Cross-Claim, and upon such ground, denies same.

23

24     4.    Answering the allegations of paragraph 38 of the Cross-

25 Claim, HMM lacks sufficient knowledge or information to form a

26 belief as to the truth of those allegations, and upon such ground

27 denies same.

28 ///

HMM Co. Ltd.'s Answer to T&B Master Logistics, Inc.'s Cross-Claim

1    5.    For answer to the allegations of paragraph 39 of the

2  Cross-Claim, HMM lacks sufficient knowledge or information to

3  form a belief as to the truth of those allegations, and upon such

4  ground denies same.

5

6    6.    Answering the allegations of paragraph 40 of the Cross-

7  Claim, HMM lacks sufficient knowledge or information to form a

8  belief as to the truth of those allegations, and upon such ground

9  denies same.

10

11    7.    Answering the allegations of paragraph 41 of the Cross-

12  Claim, HMM lacks sufficient knowledge or information to form a

13  belief as to the truth of those allegations, and upon such ground

14  denies same.

15

16    8.    Answering the allegations of paragraph 42 of the Cross-

17  Claim, HMM lacks sufficient knowledge or information to form a

18  belief as to the truth of those allegations, and upon such ground

19  denies same.

20

21    9.    Answering the allegations of paragraph 43 of the Cross-

22  Claim, HMM lacks sufficient knowledge or information to form a

23  belief as to the truth of those allegations, and upon such ground

24  denies same.

25

26                    FIRST AFFIRMATIVE DEFENSE

27    The Cross-Claim fails to state a claim upon which relief can

28  be granted.

HMM Co. Ltd.'s Answer to T&B Master Logistics, Inc.'s Cross-Claim

1
<u>SECOND AFFIRMATIVE DEFENSE</u>

2
Improper and/or insufficient service of process on Cross-

3
Defendant.

4

5
<u>THIRD AFFIRMATIVE DEFENSE</u>

6
The Central District of California is an improper and/or

7
inconvenient venue for the adjudication of this controversy.

8

9
<u>FOURTH AFFIRMATIVE DEFENSE</u>

10
As a complete and separate defense, cross-claimant lacks

11
capacity to sue, standing to sue, and/or is not the real party in

12
interest.

13

14
<u>FIFTH AFFIRMATIVE DEFENSE</u>

15
Alternatively, if HMM has any liability or responsibility in

16
connection with the matters alleged in the Cross-Claim, which HMM

17
denies, HMM's liability is subject to and limited by the

18
provisions of the U.S. Carriage of Goods By Sea Act, Title 46

19
U.S.C. § 30701 (note) ("the Act").  HMM alleges that if any loss

20
or damage occurred to the cargo as alleged in the Cross-Claim,

21
the loss or damage was proximately caused by one or more of the

22
causes for which the carrier is exempted from liability under the

23
terms of the Act.  To the extent that HMM may be held to have any

24
liability or responsibility in connection with the carriage

25
alleged in the Cross-Claim, HMM is entitled to the benefit of,

26
and relies upon, each and every limitation of, and exemption

27
from, liability provided by the Act.

28
///

HMM Co. Ltd.'s Answer to T&B Master Logistics, Inc.'s Cross-Claim

SIXTH AFFIRMATIVE DEFENSE

As a complete and separate defense, a booking note and/or a bill of lading was issued by HMM and accepted by the cross-claimant or its agent for the carriage alleged in the Cross-Claim.  To the extent that HMM has any responsibility for, or liability in connection with, the carriage, such liability is subject to each and every limitation of, and exemption from, liability contained in the various terms of the booking note and/or bill of lading, on each of which HMM relies without further specification thereof.  HMM alleges upon information and belief that if any loss or damage occurred to the cargo as alleged in the Cross-Claim, the loss or damage was proximately caused by one or more of the causes for which HMM is exempted from liability under the various terms of the booking note and/or bill of lading.

SEVENTH AFFIRMATIVE DEFENSE

HMM alleges that the loss or damage occurring to the subject cargo, if and to the extent such in fact occurred, which is denied, was wholly or in part caused by the carelessness and negligence of persons, firms, corporations or entities other than this answering Cross-Defendant, and for whose conduct HMM is not responsible.

EIGHTH AFFIRMATIVE DEFENSE

HMM alleges that the loss or damage occurring to the subject cargo, if and to the extent that such in fact occurred, which is denied, was actually and proximately caused by the active and

- 5 -

1   affirmative negligence of cross-claimant or other persons, firms,

2   corporations, or entities other than HMM, and HMM's negligence,

3   if any, was passive in nature.  HMM, therefore, alleges that

4   cross-claimant herein or other persons, firms, corporations, or

5   entities are primarily liable for any damages which may have

6   given rise to this action herein.

7

8                    NINTH AFFIRMATIVE DEFENSE

9       The cross-claimant has failed to mitigate its damages, if

10  any, and/or its claims are barred in whole or in part by the

11  doctrine of avoidable consequences.

12

13                   TENTH AFFIRMATIVE DEFENSE

14      Pursuant to the terms and conditions of HMM's bill of lading

15  and/or the applicable law, HMM's liability, if any, is limited to

16  $500.00 per package or customary freight unit, or on any other

17  basis set forth in the bill of lading and/or the applicable law.

18

19                  ELEVENTH AFFIRMATIVE DEFENSE

20      Cross-Claimant's claims are time-barred under the terms and

21  conditions of the bill of lading contract of carriage and/or the

22  Act, or by operation of the doctrine of laches.

23

24                  TWELFTH AFFIRMATIVE DEFENSE

25      Cross-Defendant invokes the benefit of the forum selection,

26  arbitration, or alternative dispute resolution clause set forth

27  in the bill of lading contract of carriage.

28  ///

HMM Co. Ltd.'s Answer to T&B Master Logistics, Inc.'s Cross-Claim

THIRTEENTH AFFIRMATIVE DEFENSE

Cross-Claimant's claims are barred by the doctrines of waiver, equitable estoppel, and unclean hands.

FOURTEENTH AFFIRMATIVE DEFENSE

As a complete and separate defense, cross-claimant's alleged damages, if any, were caused by an Act of God and/or an unavoidable accident, for which HMM cannot be held legally responsible.

FIFTEENTH AFFIRMATIVE DEFENSE

The alleged loss of or damage to the cargo was caused by a superseding cause for which HMM is not liable.

SIXTEENTH AFFIRMATIVE DEFENSE

The Cross-Claim fails to join necessary and/or indispensable parties.

SEVENTEENTH AFFIRMATIVE DEFENSE

HMM invokes the benefit of the covenant not to sue clause, if any, set forth in the NVOCC's bill of lading or other contract of carriage with the shipper.

Further answering the Cross-Claim, cross-defendant is not entitled to a jury trial because its claim, being an admiralty and maritime claim, is within the admiralty and maritime jurisdiction of the Court.

HMM Co. Ltd.'s Answer to T&B Master Logistics, Inc.'s Cross-Claim

1   WHEREFORE, Defendant, Cross-Defendant and Cross-Claimant HMM

2   Co. Ltd. prays as follows:

3

4       1.    That cross-claimant take nothing by its Cross-Claim on

5   file herein, and that said Cross-Claim be dismissed with

6   prejudice.

7

8       2.    That cross-defendant receive an award of attorney's

9   fees, expenses, and court costs; and

10

11      3.    For such further relief as this Court may deem just and

12   appropriate.

13

14   DATED:   January 20, 2023           SWAIN & DIPOLITO LLP

15

16                                 By:   _____

17                                       MICHAEL L. SWAIN
                                         Attorneys for Defendant,
                                         Cross-Defendant and
18                                       Cross-Claimant,
                                         HMM CO. LTD.

19

20

21

22

23

24

25

26

27

28

HMM Co. Ltd.'s Answer to T&B Master Logistics, Inc.'s Cross-Claim